IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON CUBIC | ) | CASE NO. 1:10CV0070 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| DEAN HOLMAN, *et al.* | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

      Plaintiff *pro se* Jason Cubic brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Defendants Medina County, Ohio Prosecutor Dean Holman, and Medina County Common Pleas Court Judges James Kimbler and Christopher Collier. He alleges that Prosecutor Holman violated his constitutional rights when he failed to file an appropriate Complaint affidavit. Plaintiff asserts that Judge Collier deprived him of his rights under the Fourteenth Amendment to the United States Constitution by failing to correct the miscarriage of justice committed by the Prosecutor. There is no mention in the complaint of Judge Kimbler.

      Prosecutor Holman filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Fed. R. Civ. P., after which the Plaintiff filed a Motion to Amend the Complaint attempting to clear up the argument in the Prosecutor's Motion. (ECF 4), (ECF 5). Under the Amendment to Rule 15(a) of the Fed. R. Civ. P., a Plaintiff has 21 days after service of a motion under Rule 12(b) to amend his pleading as a matter of course. Review of the Court's docket shows that the Motion to Amend was filed within 21 days after the Prosecutor filed his Motion to Dismiss. Therefore, the Motion to Dismiss will be denied. Plaintiff did not actually submit an Amended Complaint although he stated in his Motion that it was attached. In his Motion to Amend, he set forth the argument that would

constitute the Amended Complaint which this Court will consider.

A District Court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the Court concludes that the complaint fails to state a claim upon which relief may be granted, or if the Plaintiff seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

Prosecutors are absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "The analytical key to prosecutorial immunity ... is advocacy-whether the actions in question are those of an advocate." *Skinner v. Govorchin,* 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted). There is no indication in the Complaint or the proposed Amendment that Prosecutor Dean Holman acted outside of the scope of his responsibilities.

Judges James Kimbler and Christopher Collier are Common Pleas Court Judges. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994). No facts have

been alleged that reasonably suggest that Defendants acted outside the scope of their official duties. Judge Kimbler and Judge Collier were definitely acting within the scope of their official duties in presiding over Plaintiff's court case.

The allegations set forth in the Complaint and proposed Amended Complaint clearly challenge the validity of Plaintiff's conviction and resulting confinement in an Ohio penal institution. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a Writ of Habeas Corpus." *Preiser v. Rodriguez*, 411 U.S. 475 (1973). In other words, a Complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a Petition for Writ of Habeas Corpus if the Plaintiff essentially challenges the legality of his confinement. *Id*.

The present case is clearly an instance where a Court decision would express an opinion as to the validity of Plaintiff's conviction, as any opinion by this Court on the issues he seeks to raise would necessarily implicate the validity of that conviction. Thus, absent an allegation that Plaintiff's conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a Federal Court's issuance of a Writ of Habeas Corpus, Plaintiff may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Omosule v. Hurley*, 2009 WL 5167641 * 2 (S.D. Ohio, Dec 21, 2009).

Accordingly, since Rule 15(a) allows Plaintiff to file his Amended Complaint as a matter of course, Prosecutor Holman's Motion to Dismiss is denied. (ECF 4). Plaintiff's Motion to Amend Complaint is granted. (ECF 5). Judicial and prosecutorial immunity as well as the rulings in *Preiser* and *Heck* require dismissal of this action. Therefore, after considering Plaintiff's assertions that would be included in his Amended Complaint, the Court finds that it need not be filed. For the

reasons set forth above, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

  IT IS SO ORDERED.


Date: March 23, 2010            **S/Christopher A. Boyko**
                     JUDGE CHRISTOPHER A. BOYKO
                     UNITED STATES DISTRICT JUDGE